**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

CARLOS AUGUSTO ACOSTA,                                Case No.: 25-13288-LMI

      Debtor.                                  /                   Chapter 11
                                                                        Subchapter V

**DEBTOR'S *EXPEDITED* MOTION FOR ENTRY OF ORDER AUTHORIZING THE**
**BANKRUPTCY FILING OF DEBTOR'S AFFILIATE REPAINTEX COMPANY**

> **Basis for Expedited Relief:**
>
> **The Debtor is the sole owner of an entity called Repaintex Company ("Repaintex"). Repaintex intends to file a bankruptcy petition in the near term in order to contain and prevent potential claims that could flow up to this estate as a virtue of the Debtor's personal guaranties. Given that Repaintex is an asset of this estate, and in an abundance of caution, the Debtor seeks an Order of this Court authorizing the Debtor to submit his wholly owned subsidiary to its own bankruptcy proceeding. The Debtor requests an expedited hearing on April 10, 2025[1] as Repaintex requires an expedited filing date. The Debtor submits that an expedited hearing on the relief requested herein is warranted under the circumstances to prevent or minimize harm to the Debtor's Estate. The Debtor respectfully has conferred with the Subchapter V Trustee as well as the U.S. Trustee, neither of whom oppose the relief sought herein.**

Debtor-in-Possession, Carlos Augusto Acosta (the "Debtor"), by and through undersigned counsel and pursuant to Sections 105 and, 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankrutpcy Procedure and Rule 6004-1 of this Court's Local Rules, files *Debtor's Expedited Motion for Entry of Order Authorizing the Bankruptcy Filing of Debtor's Affiliate Repaintex Company* (the "Motion") and respectfully states as follows:

**RELEVANT BACKGROUND**

---

[1] Undersigned counsel is presently scheduled to be before this Court in person on April 10, 2025.

1. On March 27, 2025, the Debtor commenced this case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. On March 28, 2025, Tarek Kirk Kiem was appointed as the Subchapter V Trustee ("Trustee") [ECF #13].

3. For additional background facts on the Debtor, including an overview of the Debtor's business, liabilities, and the events precipitating the Chapter 11 filing, the Debtor respectfully refers the Court and parties in interest to the *Chapter 11 Case Management Summary* [ECF# 6].

4. As outlined in the Case Management Summary, the Debtor is an individual, a general government contractor, and the sole owner of Repaintex. Repaintex specializes in commercial development for the federal government. Prior to the Petition Date, majority of the work contracts between the federal government and Repaintex were for development and renovations of USAID facilities.

5. The Debtor, in his capacity as president of Repaintex, caused Repaintex to continue to service the USAID contracts and advance costs with the assurance from the federal government that they would take care of the price increases associated with cost of materials.

6. Most of the projects in which USAID retained Repaintex were backed by payment and performance bonds. The Debtor is a personal guarantor of Repaintex's obligations under the relevant bonds.

7. Unfortunately, the federal government did not follow through with its promise to pay Debtor the costs of materials and change orders in a timely manner and Repaintex has exhausted its operational cash reserves. While Repaintex has essentially shut down its business operations, Repaintex must still deal with winding down the business and dealing with its claims

in an organized fashion. Thus, the Debtor, in his business judgment, has decided to file a bankruptcy petition for Repaintex.

## RELIEF REQUESTED AND BASES THEREFOR

8. While the Debtor believes, as president of Repaintex, that he can direct the filing of a bankruptcy petition without leave of Court, the Debtor also believes it is important to give creditors and parties in interest notice and an opportunity to be heard. Accordingly, this motion is brought in an abundance of caution.

9. The Debtor believes that liquidating the assets of Repaintex in an affiliate process before this Court will provide an efficient process for both the Debtor, in his capacity as a debtor in possession in this instant case, as well as president of an affiliate business debtor.

10. Repaintex's current liabilities exceed the value of Repaintex's assets. Indeed, Repaintex can no longer afford to maintain liability insurance and has been compelled to shut business operations down as a result. The Debtor does not believe that his equity interest in Repaintex will result in any benefit to this estate (other than possible tax attributes that may flow up to the Debtor as sole owner), but given that the equity interests of the Debtor are an asset of this estate, the value of which could be affected by the disposition of Repaintex's assets, the Debtor seeks an Order of this Court authorizing the filing of a bankruptcy petition for Repaintex.

11. Prior to the filing of this Motion, Debtor's counsel conferred with the Sub V Trustee and the U.S. Trustee, neither of whom oppose the relief sought by the Debtor.

12. Pursuant to Bankruptcy Rule 6004(a), notice of the proposed sale of property outside the ordinary course of business is to be provided in accordance with Bankruptcy Rule 2002(a)(1), (c)(1), and (k). These provisions of Bankruptcy Rule 2002 provide that all creditors are to receive at least twenty (20) days' notice of a sale of estate assets outside the ordinary

course of business. Concurrently with this Motion, the Debtor will file a motion to shorten notice to 8 days. The Debtor submits that 8 days will provide adequate and sufficient notice to all parties in interest.

18. Property of the estate may be used outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Most of the jurisprudence interpreting Section 363(b)(1) arises in the contexts of sales or disposition of assets. While the Debtor does not intend to sell or lease any assets, the directing of liquidating the assets of its wholly owned company could be construed as a "use" of property outside the ordinary course of business. Courts interpreting section 363(b)(1) of the Bankruptcy Code have held that transactions should be approved under section 363(b)(1) when they are supported by the sound business judgment. *See, e.g., In re. Diplomat Construction, Inc.*, 481 B,R, 215 (Bankr.N.D.Ga.2012)("The business judgment test is the prevailing rubric to evaluate the proposed transaction under § 363(b)(1), although it has been articulated in a variety of ways.") (internal citations omitted). Here, the Debtor wishes to submit his wholly owned asset to an orderly liquidation, an act that by its own definition is outside the ordinary course of business.

19. While the Debtor's equity interests will not be sold, the disposition of assets of Repaintex may affect the value of the Debtor's equity interest. However, the Debtor submits that the decision to liquidate the assets of Repaintex in an orderly judicially supervised affiliate proceeding represents sound exercise of his business judgment. Here, resolving claims of the business entity that could ultimately flow up to his estate can be done so efficiently through an

affiliate filing and all interested parties will have adequate notice of the bankruptcy filing and an opportunity to participate.

20. Given the Debtor's interest in proceeding expeditiously to help contain Repaintex's liabilities, the Debtor submits that the shortening of notice under Rule 6004-1 is warranted. The Debtor submits that he has otherwise complied with the notice and service requirements of the above referenced provisions of the Bankruptcy Code and Local Rule 2002-1 and 6004-1.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order authorizing the filing of a bankruptcy petition for the Debtor's wholly owned business entity, Repaintex Company and for such other and further relief as may be just and proper.

I HEREBY CERTIFY that a true and correct copy herein was furnished to all interested parties entitled to notice via CM/ECF on April 2, 2025.

Respectfully submitted by:

AGENTIS PLLC
*Counsel for the Debtor in Possesion*
45 Almeria Avenue
Coral Gables, Florida 33134
www.agentislaw.com
T. 305.722.2002

By:   */s/ Jacqueline Calderin*
       Jacqueline Calderin
       Florida Bar No: 134414
       jc@agentislaw.com
       Paula A. Martinez
       Florida Bar No. 1017901
       pam@agentislaw.com