

**ORDERED in the Southern District of Florida on April 22, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

*In re:*

CARLOS AUGUSTO ACOSTA,

    Debtor.        /

REPAINTEX COMPANY,

    Debtor.        /

Case No.: 25-13288-LMI

Chapter 11
Subchapter V

Case No.: 25-14334-CLC

Chapter 11
Subchapter V

**ORDER GRANTING DEBTOR'S *EX PARTE*
MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES AND**

THIS MATTER came before the Court upon the *Debtor's Ex Parte Motion for Joint Administration of Chapter 11 Cases* [ECF# 36] (the "Motion")[1] filed pursuant to Sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rules 1015-1 and 9013-1(C)(14). The Court finds that joint administration of the Bankruptcy Cases is justified. Accordingly, it is

---

[1] Any and all capitalized terms not expressly defined herein, shall bear the meaning ascribed to them in the Motion.

**ORDERED:**

1. The Motion is **GRANTED.**

2. The Bankruptcy Cases shall be jointly administered and CARLOS AUGUSTO ACOSTA – Case No.: 25-13288-LMI is designated as the "Lead Case".

3. The Clerk of Court shall maintain a single case docket using the Lead Case number.

4. The Clerk of Court shall maintain separate claims registers and ballot files (if separate plans are filed) for each of the Bankruptcy Cases.

5. Except as otherwise set forth below, all papers including, without limitation, motions, applications, notices, monthly operating reports, and orders shall be filed in the Lead Case and shall bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 25-13288-LMI |
| CARLOS AUGUSTO ACOSTA, *et. al.* | *Jointly Administered with* Case No.: 25-14334-LMI |
| _____Debtors._____/ | Chapter 11<br>Subchapter V |

6. The Clerk of Court shall docket this Order in each of the Bankruptcy Cases and give notice to all CM/ECF filers and PACER users that all future filings shall be filed and docketed in the Lead Case.

7. The following papers shall be filed in the separate Bankruptcy Cases, captioned with the name and case number for that particular case:

2

    a. List of creditors pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure;

    b. Schedules and statements of financial affairs (and any amendments thereto);

    c. Claims (and any objections to claims and notices relating to transfers of claims);

    d. Ballots (if separate plans are filed); and

    e. Motions for final decree.

  8. Each of the jointly administered Debtors shall file separate monthly operating reports to be docketed in the Lead Case.

  9. Papers and orders that pertain to one or more specific Debtor(s) shall be filed in the Lead Case; however, the caption of the paper or order shall designate the specific Debtor(s) to which the paper or order applies. The caption of the paper and or order shall be in the following form:

  10. A single case docket and court file will be maintained hereafter under the "lead case" number.

  11. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

  12. Debtors in possession, or if applicable, trustees, shall not commingle assets or liabilities unless and until the Court determines, after notice and hearing, that grounds exist to order substantive consolidation of the Bankruptcy Cases.

  13. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these Subchapter V Chapter 11 cases.

  14. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this

Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

15. If creditors are added to the matrices of the administratively consolidated Debtors, counsel for the Debtors shall serve this Order on all added creditors and file proof of such service in the Lead Case.

16. The Debtors shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

**Submitted by:**
Jacqueline Calderin
Florida Bar No.:  134414
jc@agentislaw.com
AGENTIS PLLC
*Proposed Counsel for the Debtors in Possession*
45 Almeria Avenue
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com

Attorney Calderin is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.