**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Case No.: 25-13288-LMI |
| CARLOS AUGUSTO ACOSTA, | Subchapter V |
| | Chapter 11 |
| _____Debtor._____ / | |

## PRE-STATUS CONFERENCE REPORT

Carlos Augusto Acosta (the "Debtor"), by and through undersigned counsel and in compliance with section 1188(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), by and through undersigned counsel, files this *Pre-Status Conference Report* and states:

1. On March 27, 2025, the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor is operating his business and managing his affairs as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. On March 28, 2025, Tarek Kirk Kiem was appointed the Subchapter V Trustee [ECF# 13] (the "Subchapter V Trustee").

3. A status conference is scheduled for May 14, 2025 at 11:00 a.m. [ECF# 10]. Pursuant to 11 U.S.C. § 1188(c), the pre-status conference report is required to detail "the efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization." This report will thus review the background of the Debtor, the case history to-date, the outline of the Debtor's anticipated Chapter 11 plan and the Debtor's efforts to achieve a consensual confirmation.

**Background of the Debtors**

4. The Debtor refers all parties in interest to the *Sworn Chapter 11 Case Management Summary* [ECF# 6], adopted and incorporated herein for reference, as relevant.

5. The Debtor is a general government contractor who owns an entity called Repaintex Company ("Repaintex"), specializing in commercial development for the federal government. Prior to the petition date, the majority of Repaintex's work arose under contracts for development and renovations of USAID facilities.

6. The Debtor, in his capacity as president of Repaintex, caused Repaintex to continue to service the USAID contracts and advance costs with the assurance from the federal government that they would take care of the price increases associated with cost of materials.

7. Most of the projects in which USAID retained Repaintex were backed by payment and performance bonds. The Debtor is a personal guarantor of Repaintex's obligations under the relevant bonds.

**Case History**

8. The Debtor has employed Agentis PLLC as his general bankruptcy counsel.

9. On April 2, 2025, the Debtor filed an *Expedited Motion to Authorize Bankruptcy Filing of Debtor's Wholly Owned Affiliate* [ECF# 21] which was granted on April 14, 2025 [ECF# 31].

10. On April 4, 2025, the Debtor, through counsel, participated in the Initial Debtor Interview.

11. On April 17, 2025, the Debtor filed his bankruptcy Schedules and Statement of Financial Affairs [ECF# 34].



12. On April 22, 2025, the April 22, 2025, the Debtor filed an *Ex Parte Motion to Joint Administration of Chapter 11 Cases* [ECF# 36] with Repaintex, which was granted on April 22, 2025 [ECF# 37].

13. The Section 341 Meeting of Creditors was held on April 25, 2025 at 10:30 a.m. [ECF# 14].

14. The Debtor expects to timely file a Subchapter V, Chapter 11 Plan of Reorganization, which is due within ninety (90) days of the order for relief, or on or before June 26, 2025, pursuant to 11 U.S.C. § 1189(b). The Plan will be funded primarily from projected net disposable income.

### **Efforts to Achieve a Consensual Confirmation**

15. At this juncture, the Debtor in unaware of whether it will be able to propose a consensual plan. To that end, Debtor's plan will provide to holders of allowed claims against the estate no less than the value of the Debtor's projected net disposable income for a period of thirty-six months.

16. Based on a preliminary analysis, the Debtor anticipates that its Chapter 11 plan may contain the following classes:[1] Allowed Priority Claims; Allowed Secured Claims; Allowed Ordinary Course of Business Trade Claims which class is comprised of creditors who are necessary to preserve enterprise value, avoid disruption, or otherwise necessary for an effective reorganization; Allowed Administrative Convenience Claims; Allowed General Unsecured claims; and Equity interests.

---

[1] Nothing in this report shall be construed as an admission to the validity of any claims or classes of claims. The Debtor reserves all rights to object to scheduled claims, proofs of claim and to contest the extent, validity, and priority of secured claims.

3



17. Allowed Priority Claims will be paid in accordance with 11 U.SC. § 1129(a)(9). This class will not be impaired.

18. Allowed Secured Claims will be determined pursuant to Section 506(a) of the Bankruptcy Code and be paid either through liquidation of their respective underlying collateral or through deferred payments that include applicable interest to provide Allowed Secured Claims the present day value of their allowed claims.

19. Administrative Convenience Claims shall receive a discounted one-time lump sum payment on the Effective Date of the Plan in lieu of receiving periodic payments.

20. General Unsecured Claims shall receive *pro rata* distribution payments from projected net disposable income over the life of the Plan after payment in full to Allowed Priority Claims and Allowed Secured Claims.

21. Equity interests shall be retained by existing equity.

22. The Debtor anticipates, with input from the Subchapter V trustee, to engage in discussions with its creditors as the Debtor advances formulation of its Chapter 11 plan. The Debtor reserves the right to amend its plan to account for any agreements by and between the Debtor and its creditors.



**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on April 30, 2025.

> AGENTIS PLLC
> *Counsel for Debtors-in-Possesion*
> 45 Almeria Avenue
> Coral Gables, Florida 33134
> T. 305.722.2002
>
> By:    */s/ Jacqueline Calderin*
>         Jacqueline Calderin
>         Florida Bar No: 134414
>         jc@agentislaw.com

